IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARIO SANTIAGO, | § | |
| | § | |
| Defendant Below- | § | No. 577, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1307021468 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 4, 2016
Decided: February 18, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

# **O R D E R**

This 18th day of February 2016, after careful consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appear to the Court that:

(1)  The appellant, Mario Santiago, filed this appeal from the Superior Court's order sentencing him for a violation of probation.  The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is clear on the face of Santiago's opening brief that his appeal is without merit.  We agree and affirm.

(2)  The record reflects that Santiago pled guilty on February 19, 2014 to Attempted Kidnapping in the Second Degree and Indecent Exposure.  The

Superior Court sentenced him to a total period of ten years and thirty days at Level V incarceration, with credit for time previously served, to be suspended entirely for two years at Level III probation. In November 2014, Santiago was arrested on new criminal charges. He also was charged with a VOP. On December 5, 2014, Santiago pled guilty to Unauthorized Use of a Vehicle. The Superior Court sentenced him on that charge to one year at Level V incarceration to be suspended for one year at Level III probation. As a result of Santiago's guilty plea, the Superior Court also found he had committed a VOP. He was discharged as unimproved from his sentence for Indecent Exposure. On the Attempted Kidnapping conviction, the Superior Court sentenced Santiago to ten years at Level V incarceration, with credit for time served, to be suspended for two years at Level III probation.

(3) In September 2015, Santiago was charged with another VOP for failure to report and for testing positive for cocaine. On October 6, 2015, the Superior Court found Santiago in violation and sentenced him on the Attempted Kidnapping conviction to nine years and six months at Level V incarceration, with credit for time served, to be suspended upon successful completion of the Level V Key Program for one year at Level IV Residential Drug Treatment, to be suspended upon successful completion of drug treatment for two years at Level III

2

Aftercare. The Superior Court discharged Santiago as unimproved on the Unauthorized Use of a Vehicle conviction. This appeal followed.

(4) In his opening brief on appeal, Santiago does not challenge the Superior Court's finding that he violated the terms of his probation. Instead, Santiago contends that the Superior Court's sentence was "a little harsh" as a consequence for his relapse. Santiago requests this Court to remove the Level IV Crest portion of his sentence because it would not be conducive to his recovery and because he would prefer to complete an outpatient treatment program instead.

(5) We find no basis to reverse the Superior Court's judgment in this case. In Delaware, once a violation of probation is established, the sentencing court has discretion to require the probationer to serve the original sentence imposed or any lesser sentence.[1] If the sentence is within statutory limits, the sentence will not be disturbed on appeal unless the defendant can establish that the sentencing judge relied on impermissible factors or exhibited a closed mind.[2] In this case, the sentence was well within the legal limits, and Santiago does not contend that the judge relied on impermissible factors or had a closed mind. Even if he had raised such an argument, the Court has no adequate basis to review it. As the appealing party, the burden was on Santiago to request and provide the Court

---

[1] *State v. Sloman*, 886 A.2d 1257, 1260 (Del. 2005) (*citing* 11 *Del. C.* § 4334(c)).

[2] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

with the portions of the transcript necessary to give the Court an adequate context to review the claim of error.[3]   In the absence of the sentencing transcript in this case, we are unable to review any claim of judicial bias at sentencing.[4]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice

---

[3] *Martin v. State*, 2016 WL 552686 (Del. Feb. 10, 2016).

[4] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).